UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X      **DOCKET NO.:**
SHAKEERAH JOHNSON,

Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, JANINE MUSMACKER, individually
and in her official capacity, JOHN DOES #1-10
(representing as yet unknown and unidentified members of
the Suffolk County Police Department), individually and in
their official capacities, SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES, SUFFOLK
COUNTY DEPARTMENT OF SOCIAL SERVICES
CHILD PROTECTIVE SERVICES UNIT, MICHAEL
DELGADO, individually and in his official capacity,
KAITLIN MALONE, individually and in her official
capacity, JOHN DOES #11-20 (representing as yet unknown
and unidentified members of the Suffolk County Department
of Social Services), individually and in their official
capacities, SUFFOLK COUNTY DISTRICT ATTORNEY,
JOHN DOES #21-30 (representing as yet unknown and
unidentified members of the Suffolk County District
Attorney's Office), individually and in their official
capacities, PATCHOGUE-MEDFORD SCHOOL
DISTRICT, JOANN LUISA, individually and in her official
capacity, CAITLYN KLINDWORTH, individually and in
her official capacity, MIROSLAVA PRADELLA,
individually and in her official capacity, and JOHN DOES
#31-40 (representing as yet unknown and unidentified
members of the Patchogue-Medford School District),
individually and in their official capacities,

**COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants.
----------------------------------------------------------------------- X

    Plaintiff SHAKEERAH JOHNSON (hereinafter, "Ms. Johnson" or "Plaintiff"), by her

attorneys, The Russell Friedman Law Group, LLP, complaining of Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action for money damages against Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, JANINE MUSMACKER, individually and in her official capacity, JOHN DOES #1-10 (representing as yet unknown and unidentified members of the Suffolk County Police Department), individually and in their official capacities, SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE SERVICES UNIT, MICHAEL DELGADO, individually and in his official capacity, KAITLIN MALONE, individually and in her official capacity, JOHN DOES #11-20 (representing as yet unknown and unidentified members of the Suffolk County Department of Social Services), individually and in their official capacities, SUFFOLK COUNTY DISTRICT ATTORNEY, individually and in his official capacity, JOHN DOES #21-30 (representing as yet unknown and unidentified members of the Suffolk County District Attorney's Office), individually and in their official capacities, PATCHOGUE-MEDFORD SCHOOL DISTRICT, JOANN LUISA, individually and in her official capacity, CAITLYN KLINDWORTH, individually and in her official capacity, MIROSLAVA PRADELLA, individually and in her official capacity, and JOHN DOES #31-40 (representing as yet unknown and unidentified members of the Patchogue-Medford School District), individually and in their official capacities, (hereinafter, collectively referred to as "Defendants") for committing acts under color of law and depriving Plaintiff, SHAKEERA JOHNSON, of her rights secured by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution and laws of the United States.

2.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.

PF/D240740/FL3127

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §1983 and §1988 and the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned constitutional provisions.

## VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Suffolk; the actual place of employment of all of the individual Defendants is the County of Suffolk in the Eastern District of New York, and the County of Suffolk is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the County of Suffolk, in the Eastern District of New York. Additionally, Plaintiff resides with the County of Suffolk in the Eastern District of New York.

## THE PARTIES

5.      Plaintiff is a resident of the United States who lives within the Eastern District of New York.

6.      Upon information and belief, at all relevant times described herein, Defendant COUNTY OF SUFFOLK (hereinafter, referred to as "County") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

7.      Upon information and belief, at all relevant times described herein, Defendant County, by its agents and/or employees, operated, maintained, and controlled the Suffolk County Police Department, including all police officers and detectives thereof.

8.      Upon information and belief, at all relevant times described herein, Defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter, referred to as "SCPD") is a subdivision and/or agency of Defendant County and has an office at 30 Yaphank Avenue, Yaphank, New York 11980.

9.      Defendant JANINE MUSMACKER (hereinafter, referred to as "Musmacker"), upon information and belief, is a Detective with the SCPD who is being sued in her individual and official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, Defendant Musmacker was acting under color of state law within the scope of her employment as a detective with SCPD.

10.     Defendant, JOHN DOES #1-10 (hereinafter, collectively "PD Does") are members of the Suffolk County Police Department who are being sued in their individual and official capacities and are employed by Defendant County.  Upon information and belief, at all relevant times described herein, PD Does were acting under color of state law within the scope of their employment as members of the Suffolk County Police Department and employed by the County.

11.     Defendant SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES (hereinafter, referred to as "DSS") is a subdivision and/or agency of Defendant County and has an office at 3085 Veterans Memorial Hwy, Ronkonkoma, New York 11779.

12.     Defendant SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE SERVICES UNIT (hereinafter, referred to as "CPS") is a subdivision and/or agency of Defendant County and has an office at 3085 Veterans Memorial Hwy, Ronkonkoma, New York 11779.

13.     Defendant MICHAEL DELGADO (hereinafter, referred to as "Delgado") upon information and belief, is a senior caseworker with CPS who is being sued in his individual and

PF/D240740/FL3127

official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, Defendant Delgado was acting under color of state law within the scope of his employment as a CPS senior caseworker with DSS.

14.    Defendant KAITLIN MALONE (hereinafter, referred to as "Malone"), upon information and belief, is a caseworker with CPS who is being sued in her individual and official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, Defendant Malone was acting under color of state law within the scope of her employment as a CPS caseworker with DSS.

15.    Defendant, JOHN DOES #11-20 (hereinafter, collectively "DSS Does") are employees of DSS who are being sued in their individual and official capacities and are employed by Defendant County. Upon information and belief, at all relevant times described herein, DSS Does were acting under color of state law within the scope of their employment as employees of DSS and employed by the County.

16.    Defendant SUFFOLK COUNTY DISTRICT ATTORNEY (hereinafter, referred to as "SCDA"), individually and in his official capacity, is a duly elected official and is charged with investigating and prosecuting violations of state and local criminal statutes occurring within Suffolk County, New York. SCDA has an office at 725 Veterans memorial Highway, Hauppauge, New York. Upon information and belief, at all relevant times described herein, SCDA was acting under color of state law within the scope of his employment as the District Attorney.

17.    JOHN DOES #21-30 (representing as yet unknown and unidentified members of the Suffolk County District Attorney's Office), individually and in their official capacities (hereinafter, collectively referred to as "ADA Does"), are district attorneys who are being sued in their individual and official capacities and are employed by Defendant County.  Upon information

PF/D240740/FL3127

and belief, at all relevant times described herein, ADA Does were acting under color of state law within the scope of their employment as Assistant District Attorneys employed by the County.

18.     Defendant PATCHOGUE-MEDFORD SCHOOL DISTRICT (hereinafter, referred to as "PM District"), is a public school district comprised of several schools, at all relevant times including Oregon Middle School, with its principal business and administrative offices located at 109 Oregon Avenue, Medford, New York 11763, it exists and operates by virtue of the laws of New York, and is governed by the laws of the United States and the State of New York.

19.     Defendant JOANN LUISA (hereinafter, referred to as "Luisa") is employed by PM District as a social worker. Upon information and belief, at all relevant times described herein, Defendant Luisa was acting under color of state law within the scope of her employment as a social worker with PM District.

20.     Defendant CAITLYN KLINDWORTH (hereinafter, referred to as "Klindworth") is employed by PM District as a nurse. Upon information and belief, at all relevant times described herein, Defendant Klindworth was acting under color of state law within the scope of her employment as a nurse with PM District.

21.     Defendant MISROSLAVA PRADELLA (hereinafter, referred to as "Pradella") is employed by PM District as a social worker. Upon information and belief, at all relevant times described herein, Defendant Pradella was acting under color of state law within the scope of her employment as a social worker with PM District.

22.     Defendant, JOHN DOES #31-40 (hereinafter, collectively "PM District Does") are employees of PM District who are being sued in their individual and official capacities and are employed by PM District. Upon information and belief, at all relevant times described herein, PM

PF/D240740/FL3127

District Does were acting under color of state law within the scope of their employment as employees of PM District.

## NATURE OF THE CASE

23.    This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to HER under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

24.    Plaintiff Shakeera Johnson was subjected to arrest, criminal charges, and commencement of criminal proceedings based on perjurious testimony, material misrepresentations, and fabricated evidence presented by Defendants at the Suffolk County Family Court, Central Islip, New York on or about January 28, 2020, and First District Court, Central Islip, New York on or about January 28, 2020.

25.    Plaintiff Shakeera Johnson was further subjected to the filing of a petition and commencement of a neglect proceeding based on perjurious testimony, material misrepresentations, and fabricated evidence presented by Defendants at the Suffolk County Family Court, Central Islip, New York on or about January 29, 2020, and the filing of misdemeanor information on or about January 28, 2020.

26.    The family court proceedings were favorably terminated on or about March 5, 2020. The criminal proceedings were favorably terminated on or about July 29, 2021.

27.    Plaintiff was subjected to degrading and abusive treatment, strip search, unlawful arrest, malicious prosecution, denial of her right to familial association, unlawful detention, illegal restraint, an unlawful disruption of familial relations, and violation of her substantive and procedural due process rights under the laws of the United States.

PF/D240740/FL3127

## FACTUAL ALLEGATIONS

28.     Ms. Shakeera Johnson is a thirty-seven (37) year old Afro-Latina woman.

29.     Ms. Johnson has been married for six (6) years and is a mother to three (3) children.

30.     Ms. Johnson and her husband have resided at the same address in Medford, Suffolk County, New York for five (5) years. Ms. Johnson has a Family Development, Master of Science and Drug and Alcohol (CASAC) Certification/Degree.

31.     On or about January 28, 2020, Ms. Johnson contacted Oregon Middle School ("School") as her stepson had not arrived back home from school.

32.     At the time of this incident, Ms. Johnson was six (6) months pregnant. Ms. Johnson's pregnancy was diagnosed as a high-risk pregnancy.

33.     Ms. Johnson left her place of employment and rushed over to the School. Ms. Johnson, upon arrival, was told that she needed to meet with the principal.

34.     Thereafter, Ms. Johnson was instead directed to the guidance office of the School where she was met by Defendant Musmacker and PD Does. Ms. Johnson was not permitted to see her stepson.

35.     Defendant Musmacker began questioning Ms. Johnson about her stepson EJ, Jr. and accusations made by PM District Does and AJ, Jr. about being beaten by Ms. Johnson's husband in the presence of Ms. Johnson. Defendant Musmacker at no time mirandized Ms. Johnson. Nonetheless, Defendant Musmacker continued to interrogate Ms. Johnson.

36.     Defendant Musmacker, PD Does, and PM District Does, without any investigation and/or basis, unlawfully arrested and interrogated Plaintiff.

37.     Plaintiff, thereafter, was placed in handcuffs and escorted out of the School in handcuffs. Defendant Musmacker refused to allow Ms. Johnson to call anyone.

PF/D240740/FL3127

38.     Despite Ms. Johnson advising Defendant Musmacker that she was six (6) months pregnant and in extreme discomfort from the handcuffs, Ms. Johnson was ignored and nonetheless put into the patrol vehicle.

39.     Ms. Johnson was then taken to the 7th Precinct for processing. Ms. Johnson was interrogated and handcuffed to a wall in an isolated room. Thereafter, she was handcuffed to a table with other male detainees.

40.     Thereafter, Ms. Johnson was transported to the 4th Precinct by two male PD Does. Ms. Johnson was escorted down a dark alley and placed into the front seat of the patrol car. Ms. Johnson repeatedly told the two PD Does that she was not feeling well and was having difficulty breathing. These two PD Does ignored her pleas and proceeded to transport her. These two PD Does drove the patrol car at a high and dangerous rate of speed which caused Ms. Johnson anxiety and to fear for her safety. Additionally, the two PD Does' reckless and dangerous driving caused Ms. Johnson to continuously jerk forwards and back causing additional discomfort and fear for her safety and the safety of her unborn child.

41.     Ms. Johnson continued to request to be taken to the hospital as she was in extreme pain and discomfort. Defendants PD Does, ignored Ms. Johnson's pleas and refused to take her to the hospital. Ms. Johnson, at one point, asked for something to eat but she was similarly ignored. Ms. Johnson continued to asked to be allowed to make a phone call but was refused.

42.     Even more shocking is the fact that Defendants Musmacker and PD Does began to joke about Ms. Johnson's predicament. Defendants Musmacker and PD Does joked about "beating" a confession out of Ms. Johnson; exclaimed how she could not be believed; called her an "asshole"; and commented on how they would "take the kids away from her". At one point they even exclaimed how they would "remove and take the baby out of her". Most telling, is that during

this conversation, Defendants Musmacker and PD Does talked and conspired as to how best they could extort a confession out of Ms. Johnson with threats of criminal charges and by "taking the kids".

43.     Despite, Ms. Johnson's requests to be taken to the hospital, for food, and a phone call she was completely ignored. Ms. Johnson was ignored and threatened. To add to Ms. Johnson's humiliation, Defendant PD Does stripped searched Ms. Johnson and then placed her in a holding cell with a male arrestee.

44.     Moreover, Ms. Johnson was not permitted to make a phone call until, on information and belief, approximately 9:45 at night.

45.     Shockingly, Defendants Musmacker and PD Does continued to conspire and discuss how to charge Ms. Johnson; they continued to call Ms. Johnson a liar and a "bitch". Thereafter, Defendant Musmacker continued to berate, humiliate, threaten, and accuse Ms. Johnson of being an accomplice in a supposed beating of EJ, Jr.

46.     Plaintiff Johnson was arraigned the next day and charged with endangering the welfare of a child in violation of NY PL § 260.10(2).

47.     On January 30, 2020, Defendants initiated a proceeding under Article 10 of the Family Court Act and filed a petition for neglect and sought an order of protection.

48.     Defendants DSS, CPS, Delgado, Malone, DSS Does, PM District, Luisa, Klindworth, Pradella, and PM District Does removed EJ, Jr. and DH, her other child, from their home based upon fabricated evidence against Plaintiff.

49.     Defendants DSS, CPS, Delgado, Malone, DSS Does, PM District, Luisa, Klindworth, Pradella, and PM District Does, on January 30, 2020, initiated a proceeding under

PF/D240740/FL3127

Article 10 of the Family Court Act and filed a petition for neglect and an order of protection against Plaintiff Johnson based on fabricated and false evidence.

50.     It was not until March 5, 2020 that the petition for neglect was dismissed by the Honorable Bernard Cheng.

51.     On January 29, 2020, Ms. Johnson was arraigned and charged with Endangering the Welfare of a Child in violation of NY Penal Law § 260.10(2).

52.     On information, Defendant Musmacker signed the accusatory instrument for the prosecution of Plaintiff Johnson, dated January 28, 2021.

53.     Defendants had no evidence to substantiate the charges. The prosecution of Plaintiff was continued with malice.

54.     The prosecution of Plaintiff was continued after probable cause was vitiated. In point of fact, Plaintiff provided SCDA and ADA Does with irrefutable evidence of her innocence. Despite this, Ms. Johnson's prosecution was continued, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

55.     Demonstrating further malice, Plaintiff was given the choice of pleading to a violation and, if she declined, SCDA and ADA Does threatened that they would continue to prosecute Plaintiff and ultimately seek conviction on the charges despite knowledge, on information, in fact that SCDA and ADA Does possessed irrefutable evidence of Plaintiff's innocence. Such action was done with malice and with the intent of denying Plaintiff her civil rights.

56.     Plaintiff Johnson's prosecution continued after there was no longer probable cause to believe that Plaintiff had any involvement in any of the alleged and charged crimes. The prosecution was continued solely to cover-up Defendants' unlawful and unconstitutional conduct.

PF/D240740/FL3127

57.     Additionally, as a result of Defendants' unlawful conduct, Plaintiff was placed on leave with her employer, denied meaningful employment opportunities, and was ridiculed and humiliated at her employment.

58.     As a result of the malicious prosecution, Plaintiff Johnson was required to pay for the services of a criminal defense attorney at a substantial cost to her and her family.

59.     Plaintiff was required to appear in court after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes she was arrested and charged with.

60.     Plaintiff Johnson's prosecution terminated in her favor on July 29, 2021, when all charges were dismissed.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – False Arrest
### (Against All Defendants)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

62.     That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement, CPS, and school personnel, was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes and neglect for which she was charged.

63.     That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

64.     That by reason of the aforesaid unlawful arrest and imprisonment, caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully

PF/D240740/FL3127

deprived of her rights and privileges and benefits as provide to her under the constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending her usual activities was injured in her reputation in the community, and was further caused to incur monetary expense, including legal fees.

65.     That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

66.     That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

67.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff Shakeerah Johnson was greatly humiliated, injured in her reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, attorney's fees, and costs.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – Malicious Prosecution
### (Against All Defendants)

68.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

69.     That Defendants instituted and continued the criminal proceedings and family court proceedings against Plaintiff in the absence of any probable cause and/or evidence for said prosecutions.

70.     That the prosecution against Plaintiff was with malice.

71.     That the dismissal against Plaintiff was a favorable termination in favor of Plaintiff.

72.     That said malicious prosecution of Plaintiff by Defendants constitutes a deprivation of Plaintiff's Fourth Amendment Constitutional right.

73.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff Shakeerah Johnson was greatly humiliated, injured in her reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, attorney's fees, and costs.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Unlawful Strip Search**
**(Against All Defendants)**

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

75.     That Defendants, by subjecting Plaintiff to a strip search of her person, violated Plaintiff's expectation of privacy and deprived Plaintiff of her Fourth Amendment Constitutional rights.

76.     That the Defendants had no reasonable or probable cause to believe that the Plaintiff was concealing weapons or contraband when they subjected Plaintiff to the great indignity of a strip search.

77.     That said strip search was conducted with the purpose of humiliating Plaintiff.

78. That said strip search was conducted under the color of State law and was pursuant to the policy, custom, and practice of the SCPD, and in particular the Fourth and Seventh Precincts thereof.

79. As a proximate result of Defendants' intentional and malicious actions, Plaintiff Shakeerah Johnson was greatly humiliated, injured in her reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages, attorney's fees, and costs.

### AS AND FOR A FOURTH COUNT
**Monell**
**(Against All Defendants)**

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

81. That Defendant County is a "person" within the meaning of 42 U.S.C. § 1983.

82. That at all times material to this complaint, Defendant County, acting through its police department SCPD and CPS, had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the Defendant police officers and Defendant DSS caseworkers.

83. That it is common practice and common knowledge that police officers and detectives of Defendant County routinely arrest individuals and maliciously charge them with the criminal violations of which Plaintiff was charged, in the absence of probable cause to believe the persons committed any such violation of laws.

84.    That Defendant County is well aware of the foregoing facts and has received innumerable complaints of false arrest for such charges, but Defendant County has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute polices to prevent or deter the police from charging innocent citizens.

85.    Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a.    Failed to perform their duties as reasonably prudent and careful police officers, detectives, and/or DSS caseworkers would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which a police officer of ordinary prudence would have done;

b.    Hired and retained incompetent and unfit police officers, detectives, and/or DSS caseworkers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or criticized police conduct, or asserted their legal rights;

c.    Failed to exercise care in instructing police officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false criminal charges; and as to the obligation of police officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other County police officers and/or DSS caseworkers; and

PF/D240740/FL3127

d.    Failed to establish meaningful procedures for disciplining officers and/or DSS caseworkers and other personnel who have engaged in such acts of misconduct.

86.    That the County has condoned unreasonable strip searches by its police officers and has failed to implement policies and adequately train its police officers with respect to the proper constitutional standard for subjecting detained persons to strip searches.

87.    All the aforementioned acts were without any fault on the part of Plaintiff and Plaintiff has been damaged as a result of such conduct.

88.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff Shakeerah Johnson was greatly humiliated, injured in her reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.    Under the First Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, attorney's fees, and costs;

B.    Under the Second Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, attorney's fees, and costs;

C.    Under the Third Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus punitive damages, attorney's fees, and costs;

D.    Under the Fourth Count, in the amount of TEN MILLION DOLLARS ($10,000,000.00) plus attorney's fees and costs; and

E.      Such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        March 11, 2021

                                Respectfully Submitted,
                                THE RUSSELL FRIEDMAN LAW GROUP, LLP
                                *Attorneys for Plaintiff, Shakeerah Johnson*

                    By:     /S/Pablo A. Fernandez

                                Pablo A. Fernandez
                                400 Garden City Plaza, Suite 500
                                Garden City, New York 11530
                                Ph: 516.355.9696
                                pfernandez@rfriedmanlaw.com

PF/D240740/FL3127